**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **SHAKEEM ANTONIO BROXTON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | |
| | : | **NO. 5:23-cv-00404-CAR-CHW** |
| **MACON STATE PRISON, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER & RECOMMENDATION

Plaintiff Shakeem Antonio Broxton, a prisoner in Macon State Prison in Oglethorpe, Georgia, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983.   Compl., ECF No. 1.   He has also filed a trust fund account statement, which is construed as a motion for leave to proceed in this action *in forma pauperis*.   Prisoner Trust Fund Account Statement, ECF No. 2.   As set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**.   Accordingly, Plaintiff's complaint is ripe for preliminary review.   On that review, Plaintiff will be allowed to proceed for further factual development on his claim that Sergeant Breanna Ingram was deliberately indifferent to his safety.   It is **RECOMMENDED** that Plaintiff's claims against Lieutenant Nicholson and Macon State Prison be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Any court of the United States may authorize the commencement of a civil action, without prepayment of the required filing fee (*in forma pauperis*), if the plaintiff shows that he is indigent and financially unable to pay the court's filing fee.   *See* 28 U.S.C. § 1915(a).   A prisoner wishing to proceed under § 1915 must provide the district court with both (1) an affidavit in support of his

claim of indigence, and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b).

Pursuant to this provision, Plaintiff has moved for leave to proceed without prepayment of the $350.00 filing fee, and his submissions show that he is currently unable to prepay any portion of the filing fee. Plaintiff's motion to proceed *in forma pauperis* is therefore **GRANTED**. Plaintiff is, however, still obligated to eventually pay the full balance of the filing fee, in installments, as set forth in § 1915(b) and explained below. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if Plaintiff's complaint is dismissed prior to service.

For this reason, the **CLERK** is **DIRECTED** to forward a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee, as explained below.

A.    Directions to Plaintiff's Custodian

Because Plaintiff has now been granted leave to proceed *in forma pauperis* in the above-captioned case, it is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the **CLERK** of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account at said institution until the $350.00 filing fee has been paid in full. The funds shall be collected and withheld by the prison account custodian who shall, on a monthly basis, forward the amount collected as payment towards the filing fee, provided the amount in the prisoner's account exceeds $10.00. The custodian's collection of payments shall continue until the entire fee has been collected, notwithstanding the

dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

B.    Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.   Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.   The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.   Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.    Standard of Review

Because he has been granted leave to proceed *in forma pauperis*, Plaintiff's complaint is now ripe for preliminary review.   *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings).   When performing this review, the court must accept all factual allegations in the complaint as true.   *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).   *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).   Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.   Plaintiff's Allegations

In his complaint, Plaintiff asserts that, on July 6, 2023, he beat his cellmate, Robert Steele, with a belt and a lock. Compl. 6, ECF No. 1. Captain Pope saw what happened, handcuffed Plaintiff, and took Plaintiff out of his cell. *Id.* When Plaintiff was out of his cell, Officer Cross

4

walked in the dorm and started yelling at Plaintiff and banging Plaintiff's head against the window. *Id.* Plaintiff then said to Cross, "you don't want to do that, you don't want to do that. I know where you work at." *Id.* Officer Cross wrote Plaintiff up, but in the report, he said that Plaintiff had said, "I will send my people at you. I'm from Savannah, GA." *Id.*

At some point, while Officer Cross and Sergeant Breanna Ingram were escorting Plaintiff to a cell, Cross told Plaintiff that he would put Plaintiff into a cell with someone who would kill Plaintiff. *Id.* Cross then put Plaintiff into a cell with Wardell White, who is serving a life sentence. *Id.* When he did so, Cross also gave White a bag of chips and a sausage and told White, "You know the rest." *Id.* After Plaintiff wrote to his aunt about the situation, he was moved to a different cell. *Id.*

Plaintiff was next put into a cell with an inmate named Isaih Crawford, who had stabbed his previous bunkmate that morning and did not get written up for it. *Id.* at 6-7. Around Plaintiff's third day in the cell, other inmates started handing Crawford pipes and chains through the door flap. *Id.* at 7. Crawford tried to hit Plaintiff, but when he saw the Plaintiff was not scared, Crawford asked an orderly for a knife. *Id.*

Plaintiff told Lieutenant Nicholson that he and his bunkmate were not getting along. *Id.* Nicholson told Plaintiff to talk to Sergeant Ingram, but Plaintiff did not do so because he and Crawford started getting along. *Id.* Shortly thereafter, however, Crawford began walking around the cell with a knife saying that he was "happy Hazard and Stiles left," referring to people who would have helped Plaintiff. *Id.* Crawford also told Plaintiff that Sergeant Ingram and Officer Clay knew that Crawford had a knife in the cell. *Id.*

On September 7, 2023, Crawford started swinging the knife around and yelling crazy things, including that he would kill Plaintiff. *Id.* Plaintiff became scared and swung first, but

Crawford stabbed Plaintiff.   *Id.*   Plaintiff asserts that this was the third time he was stabbed and that he has been stabbed and hit with locks many times.   *Id.*   Plaintiff was not able to write a grievance about the incident because Officer Spivey told Plaintiff that there were no forms.[1]   *Id.* at 8.   Plaintiff also asserts that the counselors do not come around regularly so that grievances can be submitted.   *Id.*

Plaintiff names Sergeant Ingram as a defendant, asserting that she put Plaintiff into a cell with someone with whom Plaintiff was not compatible.   *Id.*   In particular, Plaintiff is identified as a Muslim within the prison system and Crawford is identified as a Blood.   *Id.*   Because Muslims and Bloods do not like each other, Plaintiff asserts that they should not have been housed together.   *Id.*   Plaintiff also notes that Crawford had just stabbed his previous cellmate.   *Id.* Plaintiff also names Lieutenant Nicholson as a defendant because he told her that he and Crawford were not getting along.[2]   *Id.*

III.   Plaintiff's Claims

A.  Macon State Prison

As an initial matter, Plaintiff listed Macon State Prison as a defendant in the caption of his complaint, and he asserts that the prison failed to protect him because Crawford was able to possess a knife in the cell.   The Eleventh Amendment, however, bars suits directly against a state or its agencies.   *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)).   This bar applies "regardless of whether the plaintiff seeks money damages or

---

[1]Plaintiff states elsewhere in the complaint that he filed two grievances about getting stabbed on September 19, 2023.   Compl. 3, ECF No. 1.   Thus, it is not clear on the face of the complaint whether Plaintiff exhausted his grievances before filing the complaint.

[2]It appears that Plaintiff may have initially intended to include a third defendant, but the other defendant's name has been blacked out in the caption and the list of defendants.   *See* Compl. 1, 5, ECF No. 1.

prospective injunctive relief." *Id.* (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).   Macon State Prison, as an agency of the State of Georgia, is thus protected by sovereign immunity.   *Id.*; *see also Will v. Mich. Dep't of State Police*, 491 U.S. 98, 71 (1989) (explaining that the state and its agencies are not "persons" for the purposes of § 1983 liability). Accordingly, it is not a proper defendant to this suit and it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** as to Macon State Prison.

      B.  <u>Sergeant Ingram</u>

Plaintiff asserts that Sergeant Ingram was responsible for putting Plaintiff into the cell with Crawford even though they had conflicting designations, in that Plaintiff was a Muslim and Crawford was a Blood.   Ingram also knew that Crawford had stabbed his previous cellmate.

To state an Eighth Amendment claim for exposure to unsafe conditions, a prisoner must allege facts to show the existence of a prison condition that is extreme and poses an unreasonable risk the prisoner's health or safety.   *See Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004).   Additionally, the prisoner must allege facts to show that the defendant acted with deliberate indifference to the condition, which requires that the defendant knew that an excessive risk to health or safety existed but disregarded that risk.   *Id.* at 1289-90.   If the defendant took action that reasonably responded to the risk, the defendant will not be held liable, even if the harm was not averted.   *Id.* at 1290.

Plaintiff asserts that he was in an unsafe situation insofar as he was housed with an incompatible roommate with a history of violence, which resulted in Plaintiff's being stabbed.   It is not clear at this point whether Plaintiff will be able to present evidence showing that Ingram knew that the situation was dangerous and disregarded the danger, but, if Plaintiff's allegations are accepted as true and construed in his favor, it appears possible that Ingram acted with deliberate

indifference.   Therefore, Plaintiff will be permitted to proceed for further factual development on his deliberate indifference to safety claim against Sergeant Breanna Ingram.

### C.   Lieutenant Nicholson

Plaintiff alleges that he told Lieutenant Nicholson that he and Crawford were not getting along.   Nicholson told Plaintiff to talk to Ingram, but Plaintiff did not do so.   These allegations show, at most, that Nicholson knew that Plaintiff and his cellmate were not getting along, but they do not demonstrate that Nicholson was actually aware that Plaintiff was in any danger of harm and disregarded that danger.   Thus, they do not state a claim for relief, and it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** as to Lieutenant Nicholson.

### IV.   Conclusion

Thus, as set forth above, Plaintiff may proceed for further factual development on his claim that Sergeant Breanna Ingram was deliberately indifferent to his safety.   It is **RECOMMENDED** that Plaintiff's claims against Macon State Prison and Lieutenant Nicholson be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this order and recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this order and recommendation.   The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4.   Failure to object under § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.   *See* 11th Cir. R. 3-1.

8

**ORDER FOR SERVICE**

For those reasons discussed above, it is hereby **ORDERED** that service be made on

**DEFENDANT SERGEANT BREANNA INGRAM**, and that she file an Answer, or other

response as appropriate under the Federal Rules, 28 U.S.C. § 1915, and the Prison Litigation

Reform Act.   Defendant is also reminded of the duty to avoid unnecessary service expenses, and

the possible imposition of expenses for failure to waive service.

**DUTY TO ADVISE OF ADDRESS CHANGE**

During this action, all parties shall at all times keep the Clerk of this Court and all opposing

attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of

any change of address may result in the dismissal of a party's pleadings.

**DUTY TO PROSECUTE ACTION**

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be

dismissed under Rule 41(b) for failure to prosecute.   Defendant is advised that she is expected to

diligently defend all allegations made against her and to file timely dispositive motions as

hereinafter directed.   This matter will be set down for trial when the Court determines that

discovery has been completed and that all motions have been disposed of or the time for filing

dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS,
PLEADINGS, AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence

with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party

is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be

served electronically at the time of filing with the Court.   If any party is not represented by

counsel, however, it is the responsibility of each opposing party to serve copies of all motions,

pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff.   Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.   Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian.   Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Fed. R. Civ. P. 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.   This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.

The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but no later than one hundred-twenty (120) days from when the discovery period begins.

**SO ORDERED and RECOMMENDED**, this 4th day of January, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge