IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **SHAKEEM ANTONIO BROXTON,** | : | |
| | : | |
| Plaintiff, | : | Case No.: 5:23-cv-00404-CAR-CHW |
| | : | |
| V. | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| **MACON STATE PRISON,** *et al.*, | : | Before the U.S. Magistrate Judge |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

Plaintiff Shakeem Broxton, *pro se*, filed this suit pursuant to 42 U.S.C. § 1983, regarding his incarceration at Macon State Prison. (Doc. 1). Pending before the Court are Plaintiff's motion to amend his complaint (Doc. 26) and motion to issue subpoenas. (Doc. 27). For the reasons explained below, Plaintiff's motion to amend is **GRANTED in part** and **DENIED in part**, and his motion for subpoenas is **DENIED as premature**.

*Motion to Amend Complaint (Doc. 26)*

Plaintiff has filed a motion to amend his complaint to add prayers for relief against Defendant Ingram and a claim against the Georgia Department of Corrections Central Office for denying his grievances. (Doc. 26). Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." *Toenniges v. Ga. Dept. of Corr.*, 502 F. App'x 888, 889 (11th Cir. 2012) (citing Fed. R. Civ. P. 15(a)(1)). 605 F.3d 865, 869. Defendant filed her answer on July 11, 2024. (Doc. 22). Plaintiff submitted his motion, his first motion to amend, on July 30, 2024. (Doc. 26-1, p. 2). Defendant

filed her answer on July 11, 2024. (Doc. 22). Thus, Plaintiff filed his motion within the 21 days contemplated by Rule 15(a)(1), and Plaintiff's motion to amend is **GRANTED** to the extent that he asserts additional prayers for relief against Defendant Ingram. However, Plaintiff may not add any claims against the Georgia Department of Corrections (GDOC) Central Office for two reasons. First, the Georgia Department of Corrections is not a proper entity against which to bring a claim because the Eleventh Amendment bars Plaintiff's attempt to sue the GDOC. *See*, *e.g.*, *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989). Second, Plaintiff may not maintain a claim under Section 1983 for the outcome or breakdown in a prison's grievance system. *See Dunn v. Martin*, 178 F. App'x 876 (11th Cir. 2006) ("We agree with other circuits that…a prisoner does not have a constitutionally-protected interest in an inmate grievance procedure.") Although Plaintiff is within the time to amend his complaint as a matter of right under Rule 15(a), doing so to add his claims against the GDOC would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Therefore, Plaintiff's motion to amend the complaint to bring a claim against the GDOC is **DENIED**.

*Motion to Issue Subpoenas (Doc. 27)*

Plaintiff has also filed a motion for subpoenas to be issued against a non-party, Unit Manager Hudson. (Doc. 27). *Pro se* litigants are entitled to reasonable access to the courts, and that includes the ability to compel nonparties to produce relevant documents, electronically stored information, and other tangible things pursuant to Rule 45 of the Federal Rules of Civil Procedure. *See Wright v. Young*, 2012 WL 3024431 at *1 (N.D. Fla. 2012) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). In cases involving *pro se* prisoner litigants, courts retain the responsibility to supervise the discovery process, and must prevent the use of the subpoena power for abusive purposes. *Keith v. Mayes*, 2010 WL 3339041 at *1 (S.D. Ga. Aug. 23, 2010) (citing *Poole v. Lambert*, 819 F.2d 1025, 1029 (11th Cir. 1987)). A request for the issuance of a subpoena

should be granted only if the request is within the proper scope of discovery and "the documents sought are not equally available from [the defendant] through a request for production of documents." *Wright*, 2012 WL at *1. This case is in discovery because the discovery period began on July 11, 2024, when Defendant filed her answer. Although some of Plaintiff's requests appear to be within the scope of discovery, Plaintiff has not explained whether he has first attempted to seek the information he requests from Defendant in the regular course of discovery. This is a necessary step before subpoenas will be issued to non-parties. Therefore, issuing a subpoena to a third party, as requested, is premature, and Plaintiff's motion for issuance of subpoenas (Doc. 27) is **DENIED**.

    **SO ORDERED**, this 20th day of August, 2024.

                                                s/ Charles H. Weigle  
                                                Charles H. Weigle  
                                                United States Magistrate Judge