IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **SHAKEEM ANTONIO BROXTON,** | : | |
| | : | |
| Plaintiff, | : | Case No.: 5:23-cv-00404-CAR-CHW |
| | : | |
| V. | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| **MACON STATE PRISON,** *et al.*, | : | Before the U.S. Magistrate Judge |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Plaintiff Shakeem Broxton, *pro se*, filed this suit pursuant to 42 U.S.C. § 1983, regarding his incarceration at Macon State Prison. (Doc. 1). Pending before the Court are Plaintiff's motion to amend his complaint (Doc. 29) and motion to produce documents. (Doc. 27). For the reasons explained below, the motions are **DENIED**. Out of an abundance of caution, however, the discovery period and dipositive motions deadline are extended as described herein.

*Motion to Amend Complaint (Doc. 29)*

Plaintiff has previously filed a motion to amend, which was granted in part and denied in part. (Docs. 26, 28). Because Plaintiff has already amended his complaint once as a matter of course, he may not amend his complaint without leave of court. Fed. R. Civ. P. 15(a)(2).

In his current motion, Plaintiff seeks to add Deputy Wardens Jones, McDaniels, and Jeffries, as well as "the Commissioner's Designee [for the] SW Region Office of the Professional Standards" because he wrote a letter to them about the dangers he faced in prison. (Doc. 29, p. 1). He also asks to add the "classification committee of Macon State Prison" to this case because they placed Plaintiff at a substantial risk of harm. Plaintiff explains that he wants to add these individuals and entities because of how his grievances were handled following the September 7,

1

2023 attack underlying his claims. (*Id*, p. 3). Plaintiff may not maintain a claim under Section 1983 for the outcome or breakdown in a prison's grievance system. *See Dunn v. Martin*, 178 F. App'x 876 (11th Cir. 2006) ("We agree with other circuits that…a prisoner does not have a constitutionally-protected interest in an inmate grievance procedure.") Therefore, Plaintiff's attempts to add claims related to the grievance process fail.

To the extent that Plaintiff seeks to add the deputy wardens because of their supervisory positions, such claims are also inappropriate. Supervisory officials are liable in limited circumstances, and their status alone does not create § 1983 liability. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (11th Cir. 2009). A supervisory official, can only be held liable under § 1983 if he personally participated in unconstitutional conduct or if there is a causal connection between his actions and alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008). "The standard by which a supervisor is held liable in his individual capacity for the actions of a subordinate is extremely rigorous." *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013). "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." *Barr v. Gee*, 437 F. App'x 865, 875 (11th Cir. 2011). Plaintiff fails to set forth these elements in his motion. His bare allegation that he wrote a letter on an unspecified date is not enough to create the type of causal connection necessary to support a supervisory liability claim. The denial of a grievance is also insufficient. *Gallagher*, 587 F.3d at 1069 (explaining that a "denial of a grievance, by itself without any connection to the [alleged

violation], does not establish personal participation under § 1983.") Therefore, any proposed supervisory liability claims also fail.

While Rule 15(a)(2) contemplates that motions to amend should be freely granted when justice so requires, Plaintiff's motion is silent as to why he seeks to add the proposed defendants at this stage. If he wrote a letter to the deputy wardens as alleged, these defendants were known to him when he filed his complaint on September 26, 2023. (Doc. 1). They would have also been known to him during the nearly one year since this case commenced and also when he filed his last motion to amend. The record fails to demonstrate why justice requires granting leave to amend to add parties who were known to Plaintiff at the time he commenced this action. There is no basis to grant the motion to amend at this juncture. Plaintiff's motion to amend (Doc. 29) is **DENIED**.

*Motion to Produce Documents (Doc. 30)*

Plaintiff has filed several discovery related motions throughout the pendency of this case, and he has also filed discovery requests with the Court. These filings demonstrate Plaintiff's fundamental misunderstanding of the discovery process. As explained in the screening order:

> Discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.
>
> Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF

> DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

(Doc. 4, p. 10-11).

The discovery period for this case began on July 11, 2024, when Defendant Ingram filed her answer. Pursuant to the Court's directions, Plaintiff must send his discovery requests to Defendant Ingram, not file them with the Court. Should Plaintiff require discovery from third parties, the Court will consider those requests only after attempts have been made to request the discovery from Defendant Ingram. To the extent that Plaintiff intended his motion to be a motion to compel, Plaintiff has made none of the showings necessary to support a motion to compel as required by Rule 37(a) of the Federal Rules of Civil Procedure or the Court's Local Rule 37. Based on the foregoing, Plaintiff's motion to produce documents (Doc. 30) is **DENIED**.

Because Plaintiff's motion demonstrates confusion about how to serve discovery upon Defendant, out of an abundance of caution, the discovery period is hereby extended until November 8, 2024. Dispositive motions will be due December 9, 2024. Plaintiff is directed to send his discovery requests to Defendant Ingram via defense counsel if he has not already done so.

**SO ORDERED**, this 11th day of September, 2024.

s/ Charles H. Weigle\
Charles H. Weigle\
United States Magistrate Judge